Ex Parte Martha Bradstreet; in the Matter of James Jackson ex dem. Martha Bradstreet *vs.* Daniel Thomas.

A rule had been granted on the district judge of the northern district of New York, to show cause why he did not sign a bill of exceptions in a case tried before him. The court said, that on the day of the return of the rule, the district judge has a right to show cause; whether the person who obtained the rule moves or not. He has a right to have the rule disposed of.

On the trial of a cause in the district court of the United States, for the northern district of New York, exceptions were taken to opinions of the court delivered in the course of the trial; and some time after the trial was over, a bill of exceptions was tendered to the district judge, which he refused to sign, objecting to some of the matters stated in the same, and at the same time altering the bill then tendered, so as to conform to his recollection of the facts of the case, and inserting in the bill all that he deemed proper to be contained in the same; which bill of exceptions, thus altered, was signed by the judge. On the motion of the party who had tendered the bill of exceptions, a rule was granted on the district judge, to show cause why he did not sign the bill of exceptions as first tendered to him. To this rule the judge returned his reasons for refusing to sign the bill so tendered, and stating that he had signed such a bill of exceptions as he considered correct.

*By the Court.* This is not a case in which the judge has refused to sign a bill of exceptions. The judge has signed such a bill as he thinks correct. The object of the rule is to oblige the judge to sign a particular bill of exceptions which has been offered to him. The court granted the rule to show cause; and the judge has shown cause, by saying he has done all that can be required from him, and that the bill offered is not such a bill as he can sign. The court cannot order him to sign such a bill.

A return by the district judge to a rule to show cause, need not be sworn to by him. [103]

The law requires that a bill of exceptions should be tendered at the trial. If a party intends to take a bill of exceptions, he should give notice to the judge at the trial; and if he does not file it at the trial, he should move the judge to assign a reasonable time within which he may file it. A practice to sign it after the term, must be understood to be matter of consent between the parties; unless the judge has made an express order in the term, allowing such a period to prepare it.

AT January term 1829, on motion of Mr Key, and on affidavit filed, the court granted a rule on the honourable Alfred Conklin, district judge of the northern district of New York, to show cause why he did not sign a certain bill of exceptions tendered to him on the part of the plaintiff, in

the case of James Jackson ex dem. of Martha Bradstreet *vs.* Daniel Thomas; which cause had been tried before him, and a verdict given for the defendant. The rule was made returnable on the second Monday in January of this term. The same rule was obtained in the case of Jackson ex dem. of Martha Bradstreet *vs.* Joseph Kirkland.

To this rule the district judge, on the 10th of December 1829, returned with the bills of exceptions which had accompanied the copy of the rule as served upon him, his reasons for refusing to comply with the demand of the plaintiff.

On the 27th day of February, the return day of the rule having passed, Mr Storrs, after notice to Mrs Bradstreet, moved to take up the return of Judge Conklin. He said, that many important titles depended upon the decision of the cases in which the rules had been granted, and one of these cases was upon the calendar of this court. The return has been made, and the district judge has obeyed the mandate of this court. This application is also submitted at the instance of the district judge; who is not willing to stand before the court without a decisive inquiry into his proceedings.

Mr Key objected to the court taking up the case on the application of any one but Mrs Bradstreet. It was for her to call it up during the term, and to determine at what time. It will depend on the result of the case on the calendar, what course she will pursue.

Mr Chief Justice MARSHALL. The district judge of the northern district of New York has been called upon by a rule of this court to show cause; and on the day of the return of the rule he has a right to show cause; whether the person who obtained the rule moves or not. There is no question but that Judge Conklin has a right to have the rule disposed of.

The case went off until the following motion day, by agreement.

Afterwards, Mr Storrs said, the return to the rule having been made by judge Conklin in his official capacity; he had not sworn to it; but if this shall be required by the court, it will be done.

[Ex parte Martha Bradstreet.]

Mr Chief Justice MARSHALL.   The judge need not swear
to the return of the reasons why he refused to sign the bill
of exceptions.

.The return set forth, that. at the time of the trial of the
cause mentioned in the rule, no bill of exceptions was ten-
dered, nor were any exceptions reduced to writing, except
by himself in the minutes which he kept of the trial; unless,
which was probable, the counsel also noted them in their
minutes.   Several weeks after the trial, the amended bill of
exceptions, accompanied by a paper containing numerous
amendments proposed by the counsel for the defendant, was
delivered to him for correction ; and he thereupon proceeded,
with due deliberation, and with the aid of his notes of the
trial, to correct and settle the same, in conformity, as nearly
as possible, with the truth of the case.   No counsel appear-
ed for either party, and no application was made for some
time for the bill of exceptions by the counsel in the cause.
In an amended return, the district judge stated that some
correspondence had taken place with Mrs Bradstreet, in
relation to alterations proposed to be made in the bill of
exceptions; and in an interview with her, nothing was said
by her which was understood as an intimation of her inten-
tion or wish to be heard further upon the subject.

The return then proceeds to state, that in the bill of excep-
tions, as proposed by Mrs Bradstreet, many alterations had
been made in terms and language, of little importance, and
matters are introduced as having occurred on the trial, which
did not occur, circumstances are misstated, and opinions
are imputed to him which he did not express ; and thus many
parts of the amendments proposed by the plaintiff were
untrue ; and that therefore the same were not signed by him.
The particulars to which these representations refer are
stated in the return.

The return, after stating that in reference to an instrument
of writing produced in the cause, in the bill of exceptions as
signed by the judge, a brief description of the instrument was
inserted, instead of the whole, *in extenso*, which had been
done in conformity with the established rules of practice, re-
quiring only so much of the evidence offered upon the trial

as is sufficient fully and fairly to present every question of law embraced in the exception, proceeds—

" In conclusion, I have only to add the expression of my conviction, that although this rule of law has by no means been rigidly applied in abridging this bill, *it has in no instance been departed from to the prejudice of the plaintiff.*"

" If, however, on a particular examination of the bill and amendments, (without which, I may be permitted to remark, it is impossible to form a just conclusion,) your honourable court should, *in regard to the documentary evidence*, entertain a different opinion, I shall most cheerfully obey its mandate to correct the supposed error."

Mr Storrs, on a motion to discharge the rule; stated that this court would never require a judge to sign a bill of exceptions which he considers incorrect. The court will adopt another course, and will leave it to the judge to re-examine the bill, and to do what he shall consider proper.

The bill of exceptions was not made out and offered to the judge at the trial, which is the practice in New York, nor was it presented to him until a long time afterwards; and it was then corrected according to his notes.

The true course would be to refer the matter back to the judge; and let him appoint a time, on notice to both parties, to appear before him, and revise the bill of exceptions. This the judge is perfectly willing to do.

Mr Storrs stated, that he was the counsel for the parties in interest in the case, and he was desirous to see that their interests should not suffer. He also wished to present the case on the part of Judge Conklin, and ask the attention of the court to it.

Mr Key, in opposition to the motion, contended,

1. That this court would consider the bills of exceptions as duly tendered, inasmuch as the judge, though he states that they were not tendered during the term, does not allege that they were out of time; and if, by the general practice of the court, or by consent, they were written during the trial and presented afterwards, which is not denied, they ought to be considered in time. 6 Johns. Rep. 279. 2 Tidd, 788. That this had been agreed to, he inferred

from the return made by the district judge, and from the affirmance of facts in the affidavit, not denied in the return.

2. This court will now look at the bills of exceptions and the returns; and whatever parts of the bills have been objected to, and the objections justified by the return, they will order to be certified; and such facts as have been objected to, and the objections not sustained by the return, the judge will also be called on to certify. 2 Lord Ray. 1008. Unless this is done, the remedy by mandamus is nugatory.

It was unimportant as to the manner in which the omissions should be required to be certified. This might be done in any mode most respectful to the judge.

The intimation of the counsel for the district judge, that the bills of exceptions may be settled by a hearing before the judge, on notice, would probably remove all the difficulties in the case, if the rule should now be discharged.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

The court is unanimously of opinion that the rule ought not to be granted.

This is not a case in which the judge has refused to sign a bill of exceptions. The judge has signed such a bill as he thinks correct. If the court had granted a rule upon the district judge to sign a bill of exceptions, the judge could have returned that he had performed that duty. But the object of the rule is, to oblige the judge to sign a particular bill of exceptions, which had been offered to him. The court granted the rule to show cause; and the judge has shown cause, by saying he has done all that can be required from him; and that the bill offered to him is not such a bill as he can sign.

Nothing can be more manifest, than that the court cannot order him to sign such a bill of exceptions. The person who offers a bill of exceptions ought to present such a one as the judge can sign. The course to be pursued is, either to endeavour to draw up a bill, by agreement, which the judge can

sign ; or to prepare a bill to which there will be no objection, and present it to the judge.

The court will observe, that there is something in this proceeding which they cannot, and which they ought not to sanction. A bill of exceptions is handed to the judge several weeks after the trial of the cause, and he is asked to correct it from memory. The law requires that a bill of exceptions should be tendered at the trial. But the usual practice is to request the judge to note down in writing the exceptions, and afterwards, during the session of the court, to hand him the bill of exceptions, and submit it to his correction from his notes. If he is to resort to his memory, it should be handed to him immediately, or in a reasonable time after the trial. It would be dangerous to allow a bill of exceptions of matters dependent on memory, at a distant period, when he may not accurately recollect them. And the judge ought not to allow it.

If the party intends to take a bill of exceptions, he should give notice to the judge at the trial; and if he does not file it at the trial, he should move the judge to assign a reasonable time within which he may file it. A practice to sign it after the term must be understood to be a matter of consent between the parties, unless the judge has made an express order in the term, allowing such a period to prepare it.

It is ordered by the court that the mandamus as prayed for be, and the same is hereby refused; and that the rule heretofore granted in this cause be, and the same is hereby discharged.